UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM A. CRAFT,

    Petitioner,

        v.                                CAUSE NO. 3:21-CV-689-JD-MGG

INDIANA ATTORNEY GENERAL,

    Respondent.

OPINION AND ORDER

William A. Craft, a civil detainee without a lawyer, filed a habeas petition alleging that staff at the Logansport State Hospital are using excessive force against him, wrongfully confiscating his belongings, and providing him with inadequate medical treatment. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A habeas corpus petition under 28 U.S.C. § 2254 can only be used to challenge the fact or duration of a detainee's custody. *See* 28 U.S.C. § 2254(a) (authorizing issuance of writ of habeas corpus where state prisoner demonstrates he is "in custody . . . in violation of the Constitution or laws or treaties of the United States"); *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009) ("[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254[.]"). Craft does not raise any claim related to the validity of his detention but instead asserts claims related to the conditions of his confinement at Logansport

State Hospital. Such claims must be asserted through a civil rights action under 42 U.S.C. § 1983. *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011) ("[H]abeas corpus is not a permissible route for challenging prison conditions."); *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) ("For prisoners, the difference between a civil rights action and a collateral attack is easy to describe. Challenges to conditions of confinement . . . fall under § 1983. Attacks on the fact or duration of confinement come under § 2254."). Because Craft challenges the conditions of his confinement rather than the fact or duration of his detention, the court dismisses the habeas petition without prejudice.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this ruling. Therefore, there is no basis for encouraging Craft to proceed further in a habeas case in federal court.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are not cognizable bases for habeas relief;

(2) DENIES William A. Craft a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on September 21, 2021.

                                                      s/ JON E. DEGUILIO  
                                                      CHIEF JUDGE  
                                                      UNITED STATES DISTRICT COURT